UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-81384-Civ-RYSKAMP
MAGISTRATE JUDGE P.A. WHITE

RAYMOND McINDOO,                  :

    Petitioner,                   :

v.                                :         REPORT OF
                                            MAGISTRATE JUDGE
WALTER A. McNEIL,                 :

    Respondent.                   :
_____

    Raymond McIndoo, a state prisoner confined at Hendry Correctional Institution, at Immokalee, Florida, has filed a pro se petition for writ of habeas corpus with supporting memorandum of law pursuant to 28 U.S.C. §2254 attacking his conviction entered in Case No. 03-12673 in the Fifteenth Judicial Circuit Court of Florida, at Palm Beach County on three grounds of ineffective assistance of appellate counsel. This Cause is before the Court on the petition, the petitioner's motion to stay and the respondent's response to the motion and petition with supporting exhibits.

    This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

    The pertinent procedural history of this case is as follows. McIndoo was charged by indictment with one count of first degree murder with a firearm and one count of robbery with a firearm. (DE# 14; Ex. 2). He was convicted after jury trial of the lesser included offense of second degree murder, and he was sentenced to a term of life imprisonment. (DE# 14; Ex. 1, 3). Before trial proceedings, the state had entered a *nolle prosequi* as to the

robbery offense. McIndoo prosecuted a direct appeal, raising the following sole issue: "Whether the trial court abused its discretion when it allowed the jury to watch a videotape not admitted into evidence." (DE# 14; Ex. 4). The Florida Fourth District Court of Appeal affirmed McIndoo's conviction and sentence in a *per curiam* decision without written opinion. (DE# 14; Ex. 6). See also McIndoo v. State, 954 So.2d 1172 (Fla. 4 DCA 2007)(table). After McIndoo's motion for rehearing was denied on May 23, 2007, the mandate issued on June 8, 2007. (DE# 14; Ex. 7).

Approximately three months shy of one year later, McIndoo returned to the trial court, filing on May 28, 2008, a pro se motion for post conviction relief with attached exhibits pursuant to Fla.R.Crim.P. 3.850, challenging his conviction and sentence on eight specified grounds, consisting of trial court error, ineffective assistance of trial counsel, prosecutorial misconduct and cumulative error.[1] (DE# 14; Ex. 8). Id. On October 8, 2008, McIndoo filed an amended pro se Rule 3.850 motion, raising three additional claims for relief.[2] (DE# 14; Ex. 9). The state has not

---

[1]Specifically, in addition to the cumulative error claim, McIndoo raised the following grounds for relief in his initial Rule 3.850 motion: (1) the trial court erroneously sentenced him to life imprisonment without a jury finding that he carried, displayed, or discharged a firearm; (2) he received ineffective assistance of trial counsel, because his lawyer failed to file a motion to dismiss the information; (3) his conviction is a product of prosecutorial misconduct due to improper remarks made during closing argument; (4) he received ineffective assistance of trial counsel, because his lawyer failed to move for an arrest of judgment; (5) the trial court erroneously instructed the jury; (6) he received ineffective assistance of trial counsel, because his lawyer failed to object to the jury instructions; (7) trial counsel was ineffective for failing to call and investigate witnesses; and (8) the trial court committed fundamental error by failing to instruct the jury on the definitions of justifiable and excusable homicide. (DE# 14; Ex. 8).

[2]The following claims were presented in the amended Rule 3.850 motion: (9) he received ineffective assistance of trial counsel, because his lawyer failed to object to the sentence; (10) he received ineffective assistance of trial counsel, because his lawyer failed to move for a mistrial; and (11) he received ineffective assistance of trial counsel, because his lawyer failed to inform him of counsel's own pending criminal proceeding. (DE# 14; Ex. 9).

2

yet responded to the Rule 3.850 motion, as amended. (DE# 14; Ex. 10). The trial court has granted the state's request for an extension of time to file its response, and the response is not due until on or before February 27, 2009. Id. During the pendency of the Rule 3.850 proceedings, McIndoo filed in the state appellate court on July 2, 2008, a pro se petition for writ of habeas corpus, raising the identical three grounds of ineffective assistance of appellate counsel presented in this federal petition.[3] (DE# 14; Ex. 11). The petition was denied without explanation on July 30, 2008. (DE# 14; Ex. 12). McIndoo's motions for rehearing and rehearing *en banc* were denied on September 5, 2008. (DE# 14; Ex. 13).

Two months after the state habeas corpus proceeding had concluded, but while the Rule 3.850 proceedings remained pending in the state trial court, McIndoo came to this Court, filing on November 5, 2008,[4] the instant petition pursuant to 28 U.S.C. §2254, raising the three ineffective assistance of appellate counsel claims presented before the state appellate court. On December 10, 2008, an order to show cause was issued, requiring the respondent to file on or before January 25, 2009, a memorandum of fact and law addressing the petition. (DE# 7). After the order to show cause had issued, and before a response had been filed, McIndoo submitted to this Court on December 29, 2008, a pleading

---

[3]Specifically, McIndoo alleged that he received ineffective assistance of appellate counsel, because his lawyer failed to raise on direct appeal the following claims: (1) the trial court committed fundamental error jury when it instructed the jury on the alternate principal theory; (2) the verdict unlawfully failed to contain specific findings that he carried, displayed, or discharged a firearm; and (3) the trial court improperly failed to read definitions of justifiable and excusable homicide during the jury instructions. (DE# 14; Ex. 11).

[4]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999)(prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). (Form Petition at 16)(DE# 1).

entitled, "Petition to Stay and Abeyance Pursuant to 28 U.S.C. §2254(b)(1)(A)." (DE# 9). McIndoo requests this Court to stay the instant federal habeas corpus proceedings until all now-pending state proceedings have concluded. Id. He asserts that at that time he will seek to amend the instant petition to include the claims raised in the Rule 3.850 proceedings. Id. The respondent was ordered to file a response to the motion for stay. (DE# 11). In his response, the respondent asserts that a stay is not appropriate in this case and the case should, instead, be dismissed without prejudice for lack of exhaustion of state court remedies. (DE# 13). The respondent states that the prospective issues are currently pending before the state trial court. Id.

An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c).[5] See Mauk v. Lanier, 484 F.3d 1352, 1357 (11 Cir. 2007). A claim must be presented to the highest court of the state to satisfy the exhaustion of state court remedies requirement. O'Sullivan v. Boerckel, 526 U.S. 838 (1999);

---

[5]The terms of 28 U.S.C. §2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>     (A) the applicant has exhausted the remedies available in the courts of     the State; or
>     (B)(i) there is absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> .   .   .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Richardson v. Procunier, 762 F.2d 429, 430 (5 Cir. 1985); Carter v. Estelle, 677 F.2d 427, 443 (5 Cir. 1982), cert. denied, 460 U.S. 1056 (1983). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). Exhaustion is ordinarily accomplished on direct appeal. If not, in Florida, it may be accomplished by the filing of a Rule 3.850 motion, and an appeal from its denial; Leonard v. Wainwright, 601 F.2d 807, 808 (5 Cir. 1979), or, in the case of a challenge to a sentence, by the filing of a Rule 3.800 motion, and an appeal from its denial. See Caraballo v. State, 805 So.2d 882 (Fla. 2 DCA 2001). In Florida, a claim of ineffective assistance of trial counsel cannot be raised on direct appeal and must be raised pursuant to Rule 3.850.  McClain v. State, 629 So.2d 320 (Fla. 1 DCA 1993); Loren v. State, 601 So.2d 271 (Fla. 1 DCA 1992).

From review of the record, it is clear that McIndoo is currently in the process of exhausting his challenges with regard to his conviction. The respondent, therefore, correctly maintains that dismissal is warranted under the circumstances of this case. See Jimenez v. Fla.Dep't Corr., 481 F.3d 1337, 1342 (11 Cir. 2007), citing, Rose v. Lundy, 455 U.S. 509, 522 (1982). Absent a showing that state remedies are inadequate, such showing not having been demonstrated by the petitioner, McIndoo cannot now proceed in this Court in habeas corpus. 28 U.S.C. §2254; Fuller v. Florida, 473 F.2d 1383 (5 Cir. 1973); Frazier v. Jones, 466 F.2d 505 (5 Cir. 1972). Only after state postconviction proceedings are concluded in the state courts may McIndoo challenge his confinement in this Court by way of a federal petition pursuant to 28 U.S.C. §2254.

5

Since the instant proceeding has been timely filed and the petitioner has sufficient time, albeit a limited period of time, to return to this Court within the limitations period after his state court remedies have been fully and properly exhausted on any and all claims he might want to raise challenging his conviction and sentence, contrary to McIndoo's contention, a dismissal rather than a stay of the instant proceeding is the appropriate course of action. See Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005)(holding that a federal district court has discretion to stay a mixed habeas petition containing exhausted and unexhausted claims when an outright dismissal of the petition will render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act). While this federal petition when filed was timely, in order for any future federal petition not to be time-barred, McIndoo is advised that he must comply with the one-year statute of limitation requirement. See 28 U.S.C. §2244(d)(1)-(2).[6] Thus, the petitioner is hereby cautioned to be

---

[6] Section 2244(d)(1) sets forth the general rule that a federal habeas petition must be filed within one year after the petitioner's conviction becomes final. The judgment of conviction in the underlying criminal case became final at the latest on August 21, 2007, ninety days after the conviction and sentence were affirmed on direct appeal. Bond v. Moore, 309 F.3d 770, 773-74 (11 Cir. 2002)(holding that when a petitioner is entitled to file a petition for a writ of certiorari in the United States Supreme Court, the statute of limitations under 28 U.S.C. §2244(d) does not begin to run until this 90-day window has expired). See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986)(holding that a conviction is final when a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied); Supreme Court Rule 13.1 (providing that a petition for writ of certiorari must be filed within 90 days of the date of the entry of the judgment by a state court of last resort). The statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. §2244(d)(2). The statute is not tolled, however, during the pendency of any prior federal habeas petition. See Duncan v. Walker, 533 U.S. 167 (2001)(holding that a federal habeas corpus petition is not an "application for State post-conviction or other collateral review" within the meaning §2244(d)(2)). See also Nyland v. Moore, 216 F.3d 1264 (11 Cir. 2000)(holding that the filing date of a second §2254 application does not relate back to the filing of an earlier, timely petition which is dismissed prior to resolution on the merits).

aware of the time limitation for any subsequent habeas corpus petition filed in this Court and that he must return to this Court promptly after all state court remedies have been exhausted.[7] 28 U.S.C. §2244(d).

It is therefore recommended that this petition for writ of habeas corpus be dismissed without prejudice, except as to any application of the federal statute of limitations or other federal procedural bar that may apply. It is further recommended that McIndoo's motion to stay (DE# 9) be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

SIGNED this 2nd day of February, 2009.

UNITED STATES MAGISTRATE JUDGE

cc: Raymond A. McIndoo, Pro Se
    DC# W21132
    Hendry Correctional Institution
    12551 Wainwright Drive
    Immokalee, FL 34142-4797

    Daniel P. Hyndman, AAG
    Office of the Attorney General
    1515 North Flagler Drive, #900
    West Palm Beach, FL 33401-3428

---

[7] McIndoo filed his Rule 3.850 motion 280 days after his conviction and sentence became final and he has continued to pursue state postconviction relief thereafter. With no additional intervening untolled time, McIndoo came to this Court, filing the instant habeas corpus petition. Consequently, in order for his second federal petition not to be time-barred, McIndoo must file the petition on or before 85 days after all state postconviction proceedings have concluded.